NO. 07-10-00325-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
7, 2011

 



 

CHRIS L. VASQUEZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 140TH DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 2008-420,480; HONORABLE JIM BOB DARNELL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL, J. and BOYD, S.J.[1]

 

MEMORANDUM OPINION

Appellant Chris L. Vasquez entered an
open plea of guilty to the charge of burglary of a habitation.[2]  He also plead true
to one enhancement paragraph alleging a prior final conviction for burglary of
a habitation.[3]  Without a plea-bargain agreement, the court
assessed punishment at forty-five years confinement in prison.  Appellant’s court-appointed appellate counsel
has filed a motion to withdraw supported by an Anders[4]
brief.  We will grant counsel’s motion to
withdraw and affirm the judgment of the trial court.

Besides pleading guilty to the
charged offense and true to the enhancement paragraph, appellant signed a
writing waiving the right to trial by jury and consenting “to the oral and
written stipulation of evidence in this case and to the introduction of affidavits,
written statements of witnesses, and other documentary evidence.”     

The State presented the testimony of
several witnesses including the arresting and investigating police officers,
the victim of the offense, and the 9-1-1 operator who took the victim’s
call.  The State also introduced a
recording of the victim’s 9-1-1 call and appellant’s video statement.[5]


The evidence showed appellant was
found carrying electronics in the back yard of the victim’s residence, then apprehended, after he broke into the residence about
mid-day on a Saturday.  The victim was at
home during the events, grabbed a cordless telephone and retreated to a closet
in the garage where she telephoned 9-1-1. 
According to appellant’s statement, he was in a “big hole financially.”  He randomly selected the victim’s house,
knocked on the doors and forced one open with a hammer when no one
answered.  He agreed that after entering
he began collecting items.  

Appellant did not testify, but
offered the testimony of his mother and a psychologist in mitigation of
punishment.  Following the close of
evidence, the court sentenced appellant and this appeal followed.

Appellant’s appointed appellate
counsel has filed a motion to withdraw supported by an Anders brief.  In counsel’s
opinion, nothing in the record establishes reversible error.  The brief reviews the record and the evidence
presented at the hearing.  Counsel
discusses one ground of potential error but concludes it does not constitute
reversible error.  Correspondence from
counsel to appellant indicates counsel supplied appellant a copy of the Anders brief and counsel’s motion to
withdraw.  The correspondence also points
out the right of appellant to review the record and file a pro se response.  By letter,
this court also notified appellant of his opportunity to submit a response to
the Anders brief and motion to
withdraw filed by his counsel.  Appellant
filed a pro se response raising and
thoroughly discussing four possible appellate issues.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).  If this court
determines the appeal arguably has merit, we will remand it to the trial court
for appointment of new counsel.  Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).  We have reviewed the entire record to
determine whether there are any arguable grounds which might support an appeal.
 See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We have found no such arguable
grounds supporting a claim of reversible error, and agree with counsel that the
appeal is frivolous.

Accordingly, we grant counsel’s
motion to withdraw[6]
and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.

 

 











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.  

 





[2] See
Tex. Penal Code Ann. § 30.02(a)(1) (West 2011).  This offense is a felony of the
second-degree.  Tex. Penal Code Ann. §
30.02(c)(2) (West 2011).





[3] On a showing at the trial of a
felony of the second-degree that the defendant has been once before convicted
of a felony, on conviction the defendant shall be punished for a first-degree
felony.  Tex. Penal
Code Ann. § 12.42(b) (West 2011). 
The range of punishment for an individual adjudged guilty of a
first-degree felony is imprisonment for life or for any term of not more than
99 years or less than 5 years and a fine not exceeding $10,000 may also be
assessed. Tex. Penal Code Ann. § 12.32(a)(b)
(West  2011).





[4] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); see In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008) (orig.
proceeding).





[5] By a “motion designating issues” appellant requested
we review the entirety of his video statement. 
To that extent, the motion is granted as our review of the record
included examination of the entirety of appellant’s video statement.  To the extent appellant requested additional
or other relief by his motion, such is denied. 





[6] Counsel shall, within five days after the opinion is
handed down, send his client a copy of the opinion and judgment, along with
notification of the defendant’s right to file a pro se petition for discretionary review.  Tex. R. App. P. 48.4.